FILED
HM   ~~RECV~~ 26 JUL 17 15:00 USDC-ORM

Clarence Carr
1446 Thomas Rd
Medford, Oregon 97501
541-499-0212
Recordsforclarence@gmail.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

**Medford Division**

**CLARENCE CARR,**

*Plaintiff,*

v.

**OREGON DEPARTMENT OF HUMAN SERVICES (ODHS),** a public body of the State of Oregon;

**SETH LYON,** Records Manager, Oregon Department of Human Services, in his official and individual capacity;

and **DOES 1-10,** Employees/Agents of the Oregon Department of Human Services,

*Defendants.*

Case No.: *1:26-cv-01488-MTK*

**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES**

*(Action under 42 U.S.C. § 1983, 18 U.S.C. § 2520, 18 U.S.C. § 1030, 5 U.S.C. § 552a, and Supplemental State Statutory Public Records Actions)*

**DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. Plaintiff Clarence Carr brings this civil action to remedy a severe, bad-faith, and systemic deprivation of his constitutional and statutory rights caused by the ongoing suppression, wire-communication interception, unauthorized alteration, and physical mutilation of his first-party records by the Oregon Department of Human Services (ODHS).

2. Acting under color of state law, Defendants have maintained an unyielding block against Plaintiff's first-party records for a duration exceeding **three (3) consecutive years**. This complete denial of access was maintained maliciously even throughout

active, coordinate court proceedings, directly undermining the integrity of the judicial process.

3. Furthermore, Defendants have engaged in the unlawful interception, alteration, and mutilation of wire communications, electronic records, public files, and official court documents. This conduct directly violates federal anti-tampering frameworks 18 U.S.C. 2071, the federal Privacy Act framework 5 U.S.C.552a, the Wiretap and Electronic Communications Privacy Act 18 U.S.C. 2520, the Computer Fraud and Abuse Act 18 U.S.C. 1030, information integrity mandates under Title IV-E 42 U.S.C. 671, the National Crime Prevention Compact 34 U.S.C.40316 and 42 U.S.C.14616, and the Civil Rights Act 42 U.S.C.2000a-2, 2000a-3, and 2000a-6.

4. **Complete Waiver of Sovereign Immunity 42 U.S.C. 2000d-7:** Because Defendant ODHS is a recipient of federal financial assistance under Title IV-E, Medicaid, and coordinate Social Security programs, **it possesses no sovereign immunity** from this suit in federal court. Under **42 U.S.C. 2000d-7**, the Eleventh Amendment is explicitly waived, and all legal and equitable remedies are available against the state public body.

5. Pursuant to **ORS Chapter 192** (Oregon Public Records Law), Plaintiff brings a formal state statutory action against Defendant ODHS and Defendant Seth Lyon in his official capacity to compel the immediate, unredacted disclosure of his records, which have been unlawfully withheld.

6. **Exhaustion, 30-Day Notice, and Invalidation of Derivative Orders:** Plaintiff has repeatedly provided formal, written administrative notices of non-compliance to Defendant Seth Lyon and the department. More than thirty (30) calendar days have elapsed since formal statutory notice of these structural violations was delivered, and Defendants have failed to cure their default. Because the state's record set has been systemically withheld and mutilated, the department lacks the lawful evidentiary foundation required to support any past or ongoing administrative findings, enforcement actions, or child-related orders. Under basic principles of procedural due process and civil equity, all such orders—derived entirely from a concealed and distorted record—constitute the civil equivalent of the **fruit of a poisonous tree**. Plaintiff is entitled to an immediate **Civil Injunction** under **42 U.S.C.2000a-3** to halt the use, execution, or enforcement of any derivative findings or orders until the true record is produced.

7. **Strict Scope and Explicit Reservation of External Claims:** The scope of this specific civil action is strictly and exclusively confined to the illegal records

obstruction, electronic wire violations, document mutilation, and systemic non-disclosure executed by Defendants. Plaintiff explicitly **reserves all separate substantive claims, civil rights actions, and liability claims** pertaining to the broader actions of ODHS, its caseworkers, and the underlying custody and family placement actions regarding his minor children. The records currently being withheld and mutilated by the Defendants constitute the vital, primary evidence required to prove those separate, independent incidents. Plaintiff isolates those claims from this action, as the Defendants' ongoing record blockade actively prevents the full adjudication of those separate wrongs.

8. Plaintiff seeks immediate injunctive relief to compel the production of his true record set, a definitive declaratory judgment, and an aggregate award of $50,000 in statutory and compensatory damages for the records violations.

## II. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's federal constitutional and statutory claims pursuant to **28 U.S.C.1331** (federal question jurisdiction) and **42 U.S.C. 1983** (civil rights enforcement).

10. This Court's jurisdiction is further grounded in the explicit private civil remedies and sovereign immunity waivers established under **42 U.S.C. 2000d-7, 18 U.S.C. 2520(a)** (Wiretap Act Civil Action), **18 U.S.C.1030(g)** (Computer Fraud and Abuse Act), **5 U.S.C. 552a(g)** (Privacy Act remedies), **42 U.S.C. 2000a-3** (preventive injunctive relief), and **42 U.S.C. 2000a-6** (Civil Rights Act).

11. This Court possesses supplemental jurisdiction over Plaintiff's coordinate Oregon state statutory claims, public records actions, and official-capacity mandates pursuant to **28 U.S.C.1367(a)**, because the state statutory actions arise out of the exact same common nucleus of operative facts, events, and transactional occurrences as the underlying federal records-blockade claims.

12. Venue is proper in the United States District Court for the District of Oregon, Medford Division, pursuant to **28 U.S.C. 1391(b)**, because the Plaintiff resides within Medford, Jackson County, Oregon, and the operational records management failures, bad-faith redactions, and injuries detailing this dispute occurred entirely within this judicial district.

## III. PARTIES

13. Plaintiff **Clarence Carr** is a first-party individual, resident of Jackson County, Oregon, a citizen of the United States, and the primary party of interest to the withheld administrative and judicial records.

14. Defendant **Oregon Department of Human Services (ODHS)** is a public body of the State of Oregon, operating state-wide welfare, child safety, and electronic information networks. Pursuant to **42 U.S.C. 2000d-7**, ODHS has waived its sovereign immunity under the Eleventh Amendment by accepting federal funds.

15. Defendant **Seth Lyon** is the Head Records Manager for the Oregon Department of Human Services. He is sued in his **official capacity** as an agent of the public body (ODHS) to compel compliance with non-discretionary federal and state disclosure mandates, and in his **individual capacity** for willful, bad-faith civil rights violations.

16. Defendants **Does 1 through 10** are caseworkers, immediate supervisors, data input operators, and administrative employees of ODHS who actively engaged in the physical redacting, altering, mutilating, wire interception, suppressing, or bad-faith processing of Plaintiff's records. They are sued in both their official and individual capacities.

## IV. FACTUAL ALLEGATIONS

17. For a duration exceeding **THREE (3) consecutive years**, Plaintiff Clarence Carr has maintained open, formal, first-party records requests with the ODHS Records Unit, demanding the prompt production of his complete, unredacted data file, electronic system entries, and coordinate field logs.

18. Throughout this entire 3-year period, including during active, ongoing court proceedings where the validity of the state's records was directly at issue, Defendants systematically denied Plaintiff access to his files. This concealment effectively prevented Plaintiff from presenting a proper defense or identifying errors in the state's assertions.

19. On May 22, 2026, Defendant Seth Lyon and his administrative unit delivered a severely deficient 90-page packet to Plaintiff. This packet represented a minute, heavily modified fraction of the actual system file, constituting a hollow administrative shell designed to obscure agency actions.

20. Upon inspection, the produced files revealed that Defendants actively engaged in the physical alteration, degradation, and **mutilation of public records and official court documents**. Key evidentiary components, direct field entries, and system-

stamped tracking markers were deleted, heavily redacted, or structurally decoupled from the file to create a distorted administrative record.

21. **Unlawful Interception and Alteration of Electronic Wire Communications:** Defendants used their access to the state's protected OR-Kids database network to intentionally intercept, capture, route, and alter electronic wire communications and timestamped data transfers belonging to Plaintiff. Defendants willfully modified these active digital communications to misrepresent data, delete exculpatory communication trails, and transmit fraudulent records across public agency lines.

22. Defendants have systematically withheld complete, raw, electronic OR-Kids case notes, timestamped database entries, and direct contact logs, replacing them with second-hand narrative summaries compiled by agency staff to shield the original documents from judicial scrutiny.

23. Because ODHS receives extensive federal matching funds under Title IV-E of the Social Security Act 42 U.S.C. 671, it is strictly bound by federal compliance agreements to safeguard data integrity and ensure that first-party individuals have open access to files to protect procedural due process. Defendants have completely broken these agreements.

24. **Failure to Cure After 30+ Days Statutory Notice:** Plaintiff formally served an exhaustive administrative demand outlining these direct statutory breaches, records mutilation, and constitutional blockades. More than 30 days have passed since the receipt of formal notification by the Department and its leadership. Defendants have completely failed to perform their mandatory, non-discretionary statutory obligations to produce the files or restore the corrupted record.

25. **The Evidentiary Taint of Derivative Orders (Fruit of the Poisonous Tree):** By unlawfully manipulating the administrative record and withholding the underlying files for over 4 years, Defendants have left all past or pending child welfare findings, department mandates, and coordinate enforcement orders completely devoid of lawful evidentiary support. Because the baseline record is missing or altered, any derivative legal findings or enforcement dockets executed against Plaintiff constitute the civil equivalent of the **fruit of a poisonous tree** and are structurally invalid.

## Concrete Harm, Obstruction of Redress, and Out-of-Pocket Expenses

26. The intentional withholding, alteration, and physical mutilation of these records by Defendants under color of law has directly and severely obstructed Plaintiff's

fundamental right to petition the government for a redress of grievances and his right of access to the courts under the U.S. and Oregon Constitutions.

27. By suppressing and mutilating exculpatory data, raw logs, and court-related files over a 3-year period, Defendants have paralyzed Plaintiff's ability to challenge false information on the record and defend his legal standing within active court proceedings.

28. As a direct result of Defendants' systemic non-compliance, Plaintiff has suffered distinct financial injury, including out-of-pocket operational costs, travel expenses, printing costs, and significant administrative copy fees spent attempting to obtain his files.

29. Furthermore, the bad-faith withholding and distortion of these records has caused Plaintiff to suffer severe, actionable emotional distress, mental anguish, panic, and a severe disruption of his legal status.

30. The conduct of Defendants in their individual capacities was malicious, willful, and executed in reckless disregard of Plaintiff's clearly established rights, justifying the imposition of punitive damages.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 — DEPRIVATION OF FOURTEENTH AMENDMENT DUE PROCESS & COURT ACCESS

31. Plaintiff incorporates all preceding paragraphs by reference.

32. Under the Fourteenth Amendment, Plaintiff possesses a fundamental liberty interest in his legal standing and an absolute right of access to the courts to seek a redress of grievances.

33. Defendants, acting under color of state law, have systematically blocked Plaintiff's access to his records for 4 years, suppressing exculpatory evidence and mutilating files necessary for court proceedings, causing a structural deprivation of procedural due process.

### COUNT II: FEDERAL STATUTORY IMMUNITY ABROGATION UNDER 42 U.S.C. § 2000d-7

34. Plaintiff incorporates all preceding paragraphs by reference.

35. Under **42 U.S.C.2000d-7**, Defendant ODHS possesses no sovereign immunity under the Eleventh Amendment because it accepts federal financial assistance under Title

IV-E and other federal programs, thereby subjecting it to all legal and equitable federal statutory claims.

## COUNT III: VIOLATION OF THE FEDERAL PRIVACY ACT (5 U.S.C. § 552a(g)) via § 1983

36. Plaintiff incorporates all preceding paragraphs by reference.

37. Under the Privacy Act framework 5 U.S.C. 552a, individuals are granted an unyielding first-party right to access their complete, unredacted records within matching-fund administrative databases.

38. Defendants violated this federal duty by arbitrarily withholding Plaintiff's files, failing to maintain accurate, unaltered system data, and maintaining a heavily redacted administrative shell.

## COUNT IV: CIVIL ACTION FOR WIRE & ELECTRONIC COMMUNICATION TAMPERING (18 U.S.C. § 2520 & 18 U.S.C. § 1030)

39. Plaintiff incorporates all preceding paragraphs by reference.

40. Defendants violated the Federal Wiretap Act (18 U.S.C. 2520(a)) and the Computer Fraud and Abuse Act 18 U.S.C.1030(a)(5)& (g)) by using their database privileges to access without authorization, intercept, modify, and delete Plaintiff's electronic wire communications, records, and system-stamped logging paths, causing direct data damage and statutory loss.

## COUNT V: VIOLATION OF THE CIVIL RIGHTS ACT PREVENTIVE MANDATES (42 U.S.C. §§ 2000a-2, 2000a-3, & 2000a-6)

41. Plaintiff incorporates all preceding paragraphs by reference.

42. Under 42 U.S.C.2000a-2, a-3, and a-6, individuals are protected from retaliation, interference, and bad-faith withholding of rights when demanding equal access to state-administered programs and public resources.

43. Plaintiff brings this claim to seek direct, preventive injunctive relief (42 U.S.C 2000a-3) to halt the enforcement of all actions stemming from this systemic obstruction.

## COUNT VI: BREACH OF TITLE IV-E SYSTEM SAFEGUARDS (42 U.S.C. § 671(a)(8)) via § 1983

44. Plaintiff incorporates all preceding paragraphs by reference.

45. Under Title IV-E (42 U.S.C. 671(a)(8)), states receiving federal welfare matching funds are under a non-discretionary statutory duty to maintain precise database

safeguards, ensuring that records remain fully accessible to coordinate parties in court dockets to guarantee due process. Defendants have systematically violated this federal obligation.

## COUNT VII: VIOLATION OF THE NATIONAL CRIME PREVENTION COMPACT (34 U.S.C. § 40316 & 42 U.S.C. § 14616)

46. Plaintiff incorporates all preceding paragraphs by reference.

47. These federal frameworks command strict data integrity and immediate first-party access regarding criminal history record information, background checks, and tracking markers utilized by state agencies under federal programs.

48. Defendants violated these laws by withholding the underlying background authorizations and administrative orders executed to track Plaintiff.

## COUNT VIII: UNLAWFUL MUTILATION OF GOVERNMENT RECORDS (18 U.S.C. § 2071 & ORS 162.305)

49. Plaintiff incorporates all preceding paragraphs by reference.

50. Defendants violated their clear statutory duties under federal law (**18 U.S.C. 2071**) and Oregon state law (**ORS 162.305**) by intentionally altering, defacing, and physically mutilating official public records and court-related files to present a corrupted file to the courts.

## COUNT IX: OREGON STATE PUBLIC RECORDS ACTION (ORS Chapter 192 & OAR 413-010-0035)

51. Plaintiff incorporates all preceding paragraphs by reference.

52. Pursuant to **ORS 192.411 and ORS 192.431**, Plaintiff brings a formal, direct state statutory action to compel Defendant ODHS and Defendant Seth Lyon in his official capacity to immediately disclose the complete, unredacted files, as required by the mandatory disclosure provisions of **ORS Chapter 192** and **OAR 413-010-0035**.

## COUNT X: EXPLICIT RESERVATION OF COMPANION CLAIMS

53. Plaintiff frames this entire action solely around the factual transaction of information suppression, tool abuse, wire violations, and document mutilation.

54. Plaintiff formally records that all broader civil rights claims, liabilities, and federal causes of action arising out of separate underlying incidents involving ODHS personnel and Plaintiff's children are expressly reserved, preserved, and unadjudicated, to be brought as a separate action once the true record is produced.

55. As a direct result of these unified constitutional and statutory violations, Plaintiff demands a total judgment of **$50,000** for compensatory and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Clarence Carr respectfully requests that this Court enter judgment against Defendants as follows:

- **A. PREVENTIVE AND MANDATORY CIVIL INJUNCTION:** Pursuant to **42 U.S.C. 2000a-3, 18 U.S.C. 2520,** and federal equitable principles, issue an immediate Civil Injunction ordering Defendants to produce the complete, raw, unredacted file and restore all altered files to their original state; and further **enjoining and halting the enforcement, execution, or legal utilization of any and all derivative child welfare orders, findings, or administrative mandates** until the true record is produced, as all current actions lack a lawful evidentiary basis and constitute the fruit of a poisonous tree;

- **B. DECLARATORY JUDGMENT:** Issue a Declaratory Judgment declaring that Defendants' practices of withholding, intercepting, and physically altering first-party records under public exemptions violate the Fourteenth Amendment, 42 U.S.C. 671(a)(8), 18 U.S.C. 2520, and OAR 413-010-0035, and that the mutilation of public and court documents constitutes an unlawful fraud on the record;

- **C. TOTAL MONETARY DAMAGES:** Award a total combined judgment of **$50,000** against Defendants, allocated across:

   - *Compensatory, Statutory, and Liquidated Damages* for out-of-pocket administrative copy fees, printing costs, operational legal expenses, and statutory electronic privacy tracking violations under 18 U.S.C. § 2520, 18 U.S.C. § 1030, and 5 U.S.C. § 552a;

   - *General Damages* for the severe emotional distress, mental anguish, and structural deprivation of rights caused by the 4-year obstruction of his right to legal redress and right to challenge information;

   - *Punitive Damages* against Defendants Seth Lyon and Does 1-10 in their individual capacities for their willful, wanton, and malicious execution of administrative records suppression and wire/document tampering;

- **D. LITIGATION COSTS:** Award Plaintiff all reasonable litigation costs incurred in the prosecution of this action; and

- **E. ADDITIONAL RELIEF:** Grant such other and further relief as the Court deems just and equitable.

Dated: July 17th, 2026

Respectfully submitted,

By: /s/ Clarence Carr

**Clarence Carr, Pro Se Litigant**

1446 Thomas Rd, Medford, OR 97501

Email: recordsforclarence@gmail.com