UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CLARENCE CARR,

Plaintiff,

v.

OREGON DEPARTMENT OF HUMAN SERVICES; SETH LYON; DOES 1-10,

Defendants.

Case No. 1:26-cv-01488-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Clarence Carr filed a complaint against Defendants Oregon Department of Human Services ("ODHS"), Seth Lyon, and Does 1-10. ECF No. 1. Before the Court is Plaintiffs' Application to Proceed In Forma Pauperis ("IFP"), ECF No. 2. The Court grants Plaintiffs' Application but finds that his claims fail. For the reasons below, this case is dismissed with leave to amend.

## DISCUSSION

### I. IFP Application

A review of Plaintiff's IFP application reveals he is unable to afford the costs of this litigation. *See* ECF No. 2. The application is granted.

## II. Mandatory Screening

### A. Standards

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and in forma pauperis.").

The Court must construe the pleadings of self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### B. Analysis

The Court is mindful of Plaintiff's self-represented status, but even a liberal construction of his Complaint does not save his claims from dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (noting that "a liberal interpretation of a pro se civil rights complaint may not

supply essential elements of the claim that were not initially pled"); *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) ("Conclusory allegations and unwarranted inferences . . . are insufficient to defeat a motion to dismiss.").

Plaintiff alleges claims against Defendant ODHS, but ODHS is an "arm[] of the state" and is therefore entitled to Eleventh Amendment immunity. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997). The Court lacks jurisdiction to hear those claims. Those claims are dismissed without prejudice.

As for Plaintiff's claims against Defendant Lyon and Does 1-10, Plaintiff fails to allege sufficient facts that allow the Court to infer that Defendants are liable for the misconduct alleged. To state a claim, Plaintiff must identify specific conduct that Defendants engaged in that caused Plaintiff some sort of injury.

Here, Plaintiff broadly alleges that Defendants denied him access to his files, but he has failed to sufficiently allege that that deprivation amounts to any constitutional injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Additionally, those allegations appear to arise out of state court proceedings over which this Court lacks jurisdiction. *See, e.g.*, Compl. 4 ("Throughout this entire 3-year period, including during active, ongoing court proceedings where the validity of the state's records was directly at issue, Defendants systematically denied Plaintiff access to his files."); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("If claims raised in the federal court action are inextricably intertwined with the state court's decisions such that the adjudication of the federal claims would undercut the state ruling . . . then the federal complaint must be dismissed for lack of subject matter jurisdiction."). Accordingly, Plaintiff's Complaint is dismissed.

### C. Leave to Amend

"Unless it is absolutely clear that no amendment can cure the defect, ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

Plaintiff's allegations, as discussed above, are insufficient to state a claim. Out of an abundance of caution, the Court grants Plaintiff leave to file an amended complaint attempting to remedy the deficiencies identified herein.

## CONCLUSION

For the reasons above, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend. Plaintiff has leave to file an amended complaint within 30 days of this order. Failure to do so will result in termination of this case. The Clerk of the Court shall not issue process until further order of the Court.

DATED this 28th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge